Wade McNEIL, Appellant,

v.

Stewart UDALL, Individually and as Secretary of the Interior, Appellee.

No. 18490.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 29, 1964.

Decided Dec. 24, 1964.

---

6. Ibid.

Mr. Leif Erickson, of the bar of the Supreme Court of Montana, *pro hac vice*, by special leave of court, Helena, Mont., with whom Mr. Ellis Lyons, Washington, D. C., was on the brief, for appellant.

Mr. Thomas L. McKevitt, Atty., Dept. of Justice, with whom Asst. Atty. Gen. Ramsey Clark and Mr. S. Billingsley Hill, Atty., Dept. of Justice, were on the brief, for appellee.

Mr. Roger P. Marquis, Atty., Dept. of Justice, also entered an appearance for appellee.

Before FAHY, WASHINGTON and WRIGHT, Circuit Judges.

## PER CURIAM.

The background of this controversy over grazing rights under the Taylor Grazing Act[1] is detailed in McNeil v. Seaton, 108 U.S.App.D.C. 296, 281 F.2d 931 (1960). We there held that the Special Rule[2] promulgated by the Secretary, which changed the preference reference period fixed in the Range Code for use of public grazing lands by local land owners from 1929–34 to 1947–52, could not be applied to deprive appellant of his preference based on the prior reference period.

In considering appellant's application for the grazing permit in suit here, the Secretary found that appellant was entitled to 143 AU's[3] based on his 1929–34 ownership and use, and 89 AU's based on his ownership of other land in the area not used for grazing during the priority period. Appellant attacks the Secretary's action as unresponsive to our holding in McNeil v. Seaton, *supra*, on the ground that it makes no allowance for the increased productivity of his 1929–34 land or for the additional land acquired by him. We conclude that the Secretary's action complies with the requirement of McNeil v. Seaton.

Appellant is entitled to a preference based on the productivity of his land and his use of the federal range during the 1929–34 preference period. All we held in McNeil v. Seaton was that the Secretary could not diminish appellant's preference based on his 1929–34 use. As the District Court's memorandum opinion and findings demonstrate, the Secretary, in issuing appellant's grazing permit, has not only respected his 1929–34 rights, but has also awarded him additional preference rights covering land acquired in the area since that time.[4]

Affirmed.

1. 48 STAT. 1269, as amended 49 STAT. 1976, 68 STAT. 151, 43 U.S.C. §§ 315–315r.

2. Pursuant to statutory authority, the Secretary adopted implementing regulations, the so-called Range Code now appearing at 43 C.F.R. (1964 Rev.) Part 161. The Special Rule which changed the reference period in the regulations is also part of the Range Code. 43 C.F.R. (1958 Supp.) § 161.2(k) (3) (iii).

3. An AU is an animal unit. During the 1929–34 period appellant grazed an average of 143 cattle on his land.

4. We note that under the Special Rule appellant is entitled to 232 AU's—all Class I rights. Application of the Special Rule to appellant, therefore, would not violate this court's directions in McNeil v. Seaton, since appellant would receive more than the 143 AU's to which he is entitled by reason of his 1929–34 use. We do not pass on whether the Secretary's placing of 89 rights in Class II is proper, since this question was not raised by the parties.